1   JEFFREY A. TOPOR (SBN 195545)
    jtopor@snllp.com
2   ARVIN C. LUGAY (SBN 242599)
    alugay@snllp.com
3   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
4   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
5   Facsimile:   (415) 352-2625

6   Attorneys for defendants
    Hunt & Henriques, Michael S. Hunt,
7   Janalie Henriques, Kurtiss A. Jacobs

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                       WESTERN DIVISION

12   JUDITH E. GREENBERG,          )   CASE NO.:  11CV-3469 JHN (JCx)
                                    )
13                                  )   **DEFENDANTS' NOTICE OF**
                  Plaintiff,        )   **MOTION AND MOTION FOR**
14                                  )   **JUDGMENT ON THE**
                                    )   **PLEADINGS (FDCPA) AND**
15              vs.                 )   **SPECIAL MOTION TO STRIKE**
                                    )   **PURSUANT TO C.C.P. § 425.16**
16                                  )   **(NEGLIGENCE);**
                                    )   **MEMORANDUM IN SUPPORT**
17   HUNT & HENRIQUES, MICHAEL      )
     S. HUNT, JANALIE HENRIQUES,    )
18   KURTISS A. JACOBS,             )   Date:    June 27, 2011
                                    )   Time:    2:00 p.m.
19                                  )   Ctrm:    790
                  Defendants.       )
20   _____)   The Honorable Jacqueline H. Nguyen

21

22

23

24

25

26

27

28

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 27, 2011, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 790 of this Court, located at 255 East Temple Street, Los Angeles, California, 90012, the Honorable Jacqueline H. Nguyen presiding, defendants Hunt & Henriques, Michael S. Hunt, Janalie Henriques, and Kurtiss A. Jacobs (collectively, "Defendants") will and hereby do move this Court for an Order entering judgment on the pleadings as to Plaintiff's claim under the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure; striking Plaintiff's common-law claim for negligence, pursuant to section 425.16(b) of the California Code of Civil Procedure; and awarding Defendants the reasonable attorneys' fees and costs they have incurred in bringing the motion to strike, pursuant to section 425.16(c) of the California Code of Civil Procedure.

Defendants' motion for judgment on the pleadings is made on the grounds that Plaintiff has failed to allege the essential elements of an FDCPA claim. Further, as a matter of law, Plaintiff has not stated, and cannot state, a valid claim for relief under the FDCPA.  Defendants' special motion to strike is made on the grounds that the negligence claim asserted by Plaintiff arises out communications made in connection with state court litigation, and is therefore barred as a matter of law by the California litigation privilege.

This motion is made following the oral and written conferences of counsel pursuant to Local Rule 7-3, which occurred on April 26, April 27, April 29, May 6 and May 11, 2011.

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration of Jeffrey A. Topor filed herewith, all of the records on file in this action, and upon such other and further evidence or argument that the Court may permit at the hearing in this matter.

1

DATED: May 13, 2011                    SIMMONDS & NARITA LLP
                                       JEFFREY A. TOPOR
2                                      ARVIN C. LUGAY

3

4                                      By:   /s/Jeffrey A. Topor
                                             Jeffrey A. Topor
5                                            Attorneys for defendants
                                             Hunt & Henriques, Michael S. Hunt,
6                                            Janalie Henriques, Kurtiss A. Jacobs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3    I.     INTRODUCTION..................................................  1

4    II.    ALLEGATIONS OF COMPLAINT..............................  2

5    III.   ARGUMENT. ...................................................  3

6           A.    Standards For A Motion For Judgment On The Pleadings. ........  3

7           B.    Greenberg Has Failed To Plead The Essential Elements Of
                  An FDCPA Claim.........................................  5

8
9           C.    Greenberg's FDCPA Claim Fails As A Matter Of Law Because
                  Common Counts Are Proper Causes Of Action In A Lawsuit To
                  Recover An Unpaid Credit Card Account. ....................  6

10
11          D.    Greenberg's FDCPA Claim Fails As A Matter Of Law Because
                  The Collection Complaint Did Not Seek Improper Interest. ......  10

12          E.    Standards For A Special Motion To Strike ("Anti-SLAPP"). .....  13

13          F.    Greenberg's Negligence Claim Is Subject To An Anti-SLAPP
                  Motion. ...................................................  15

14
15          G.    Greenberg Cannot Meet Her Burden Of Establishing That She
                  Is Likely To Prevail On The Merits Of Her Negligence Claim
                  Because The Claim Is Barred By The Litigation Privilege. ........  18

16
17                1.    The Litigation Privilege. ............................  18

18                2.    The Litigation Privilege Applies To All Claims – Statutory,
                        Tort Or Constitutional – Except Malicious Prosecution. ....  19

19                3.    The Litigation Privilege Applies To Both Communicative
                        And Non-communicative Conduct.....................  21

20
21          H.    Defendants Are Entitled To An Award Of Attorneys' Fees And
                  Costs Incurred In Connection With Their Anti-SLAPP Motion. ....  24

22   IV.    CONCLUSION................................................  24

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ...................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)......................................................................... 4

*Beneficial Nat'l Bank v. Anderson,*
539 U.S. 1 (2003)............................................................................. 13

*Cafasso, U.S. ex rel v. General Dynamics C4 Sys., Inc.,*
__F.3d __, 2011 WL 1053366 (9th Cir. Mar. 24, 2011) ..............................4

*Carmen v. San Francisco Unified Sch. Dist.,*
982 F. Supp. 1396 (N.D. Cal 1997)..........................................................3, 4

*Dokumaci v. MAF Collection Servs.,*
2010 WL 2560024 (M.D. Fla. June 17, 2010). .................................... 5-6

*Donohue v. Quick Collect, Inc.,*
592 F.3d 1027 (9th Cir. 2010).................................................... 10

*Gentilello v. Rege,*
627 F.3d 540 (5th Cir. 2010)......................................................... 4

*Hopscotch Adoptions, Inc. v. Kachadurian,*
2011 WL 587357 (E.D. Cal. Feb. 9, 2011)................................... 2

*Jimenez v. Allstate Ins. Co.,*
2011 WL 61611 (C.D. Cal. Jan. 7, 2011) ................................. 5

*Kneivel v. ESPN,*
393 F.3d 1068 (9th Cir. 2005) ..................................................... 12

*Marquette Nat. Bank of Minneapolis v. First of Omaha Serv. Corp.,*
439 U.S. 299 (1978) ...................................................................... 12

*McCoy v. Chase Manhattan Bank, USA,*
559 F.3d 963 (9th Cir. 2009), *reversed and remanded on other grounds sub nom*
*Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871 (2011)........................ 12

*McGlinchy v, Shell Chem. Co.,*
845 F.2d 802 (9th Cir. 1988) ........................................................ 4

*Sayward v. Dexter, Horton & Co.,*
72 F. 758 (9th Cir. 1896) .............................................................. 11

*Shubin v. Midland Credit Mgmt., Inc.,*
2008 WL 5042849 (C.D. Cal. Nov. 24, 2008)........................................ 7

*Sinclair Ref. Co. v. Consolidated Van & Storage Cos.,*
192 F. Supp. 87 (N.D. Ga. 1960)................................................... 7

*Swanson v. Southern Or. Credit Serv., Inc.*,
869 F.2d 1222 (9th Cir. 1989) ............................................................. 10

*Thomas v. Fry's Elecs., Inc.*,
400 F.3d 1206 (9th Cir. 2005) ................................................................ 2

*United Sates ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) .................................................................. 2

*Walters v. PDI Mgmt. Servs.*,
2004 WL 1622217 (S.D. Ind. Apr. 6, 2004) ......................................... 7

## STATE CASES

*American Exp. Bank, FSB v. Johnson*,
945 A.2d 297 (R.I. 2008) ....................................................................... 9

*American Exp. Centurion Bank v. Cutler*,
81 A.D.3d 761 (N.Y. App. Div. Feb. 15, 2011) .................................... 8

*American Express Centurion v. Decker*,
2009 WL 528844 (Pa. Comm. Pl. Sept. 17, 2009) ................................ 8

*Atkinson v. Golden Gate Tile Co.*,
21 Cal. App. 168 (1913) ....................................................................... 11

*Barak v. Quisenberry*,
135 Cal. App. 4th 654 (2006) ............................................................... 18

*Briggs v. Eden Council for Hope & Opportunity*,
19 Cal. 4th 1106 (1999) ....................................................................... 15

*Busch v. Hudson & Keyse, LLC*,
312 S.W.2d 294 (Tex. Ct. App. 2010) .................................................. 8

*Capital One Bank v. Denboer*,
791 N.W.2d 264 (Iowa Ct. App. 2010) ................................................. 7

*Capps v. FIA Card Servs., N.A.*,
240 P.3d 583 (Idaho 2010) ..................................................................... 8

*Carden v. Getzoff*,
190 Cal. App. 3d 907 (1987) ............................................................... 20

*Citibank (South Dakota), N.A. v. Ananiev*,
2010 WL 3993713 (Pa. Comm. Pl. June 15, 2010) ............................... 8

*Citibank (South Dakota), N.A. v. Lesnick*,
2006 WL 1670257 (Ohio Ct. App. May 18, 2006) ............................... 8

*Citibank (South Dakota) N.A. v. Jones*
272 A.D.2d 815 (N.Y. App. Div. 2000) ................................................ 8

*Citibank (South Dakota), N.A. v. Manger*,
939 A.2d 629 (Conn. App. Ct. 2008).................................................. 9

*City of Cotati v. Cashman*,
29 Cal. 4th 69 (2002) ........................................................... 17

*Contemporary Servs. Corp. v. Staff Pro Inc.*,
152 Cal. App. 4th 1043 (2007) ................................................. 16

*Coretronic Corp. v. Cozen O'Connor*,
192 Cal. App. 4th 1381 (2011)............................................ 14,16

*Credit One, LLC v. Head*
977 A.2d 767 (Conn. App. Ct. 2009)........................................... 9

*Daniels v. Robbins*
182 Cal. App. 4th 204 (2010) .............................................20, 21

*Discover Bank v. Worsham*,
176 P.3d 366 (Okla. Civ. App. 2007)......................................... 9

*Egge v. Healthspan Servs. Co.*,
2001 WL 881720 (D. Minn. July 30, 2001)................................. 11

*Exxon Corp. v. International Concrete Corp.*,
335 A.2d 236 (D.C. 1975)....................................................... 9

*Farley v. Chase Bank, U.S.A., N.A.*,
37 So.3d 936 (Fl. Dist. Ct. App. 2010)...................................... 9

*Foothill Fed. Credit Union v. Superior Court*,
155 Cal. App. 4th 632 (2007) ................................................. 20

*Gallanis-Politis v. Medina*,
152 Cal. App. 4th 600 (2007) ................................................. 16

*Gleason v. Klamer*,
103 Cal. App. 3d 782 (1980) ..................................................11

*HMS Capital, Inc. v. Lawyers Title Co.*,
118 Cal. App. 4th 204, 211 (2004) ...................................... 14,18

*Jacob B. v. County of Shasta*,
40 Cal. 4th 948 (2007) ........................................................ 20

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2004)....................................................... 24

*Lambert v. Carneghi*,
158 Cal. App. 4th 1120 (2008) ............................................... 23

*Maggio v. Neal*,
196 Cal. App. 3d 745 (1987) ................................................. 11

*Mann v. Quality Old Time Serv., Inc.*,
120 Cal. App. 4th 90 (2004)...................................................................... 16

*Martinez v. Metabolife Int'l, Inc.*,
113 Cal. App. 4th 181 (2003) .................................................................. 13

*Navarro v. IHOP Props., Inc.*,
134 Cal. App. 4th 834 (2005) .................................................................. 21

*Navellier v. Sletten*,
29 Cal. 4th 82 (2002) ....................................................................... 14, 15

*Newgard ex rel. Newgard v. Bank of Am.*,
735 N.W.2d 578 (Wis. Ct. App. 2007)........................................................ 9

*Olszewski v. Scripps Health*,
30 Cal. 4th 798 (2003) ........................................................................... 20

*Paulus v. Bob Lynch Ford, Inc.*,
139 Cal. App. 4th 659 (2006) .................................................................. 14

*Portman v. George McDonald Law Corp.*,
99 Cal. App. 3d 988 (1979) ..................................................................... 20

*Raining Data Corp. v. Barrenechea*,
175 Cal. App. 4th 1363 (2009) ................................................................ 15

*Ramaligam v. Thompson*,
151 Cal. App. 4th 491 (2007).................................................................. 22

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) ............................................................................. 20

*Rubin v. Green*,
4 Cal. 4th 1187 (1993) ................................................................... 19, 20

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ................................................................... 19, 20

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) ..................................................................... 19, 20

*Steiner v. Eikerling*,
181 Cal. App. 3d 639 (1986) ................................................................... 20

*Yu v. Signet Bank*,
103 Cal. App. 4th 298 (2003)................................................................... 16

*Velocity Investments, LLC v. McCaffrey*,
__ N.Y.S.2d __, 2011 WL 420661 (N.Y. Dist. Ct. Feb. 2, 2011)............................ 8

*Zamos v. Stroud*,
32 Cal. 4th 958 (2004)............................................................................ 18

1

# **FEDERAL STATUTES**

2

3

*Fair Debt Collection Practices Act,*

4
    15 U.S.C. § 1692, *et seq*..............................................................1
    15 U.S.C. § 1692a(3)..............................................................6
5
    15 U.S.C. § 1692a(5)..............................................................6
    15 U.S.C. § 1692a(6)..............................................................6
6
    15 U.S.C. § 1692f..............................................................5
    15 U.S.C. § 1692f(1) ..............................................................6, 9,11,13
7
    15 U.S.C. § 1692i(a)(2) ..............................................................10

8
*Federal Rule of Civil Procedure,*

9
    8(a)(2)..............................................................4
    12(b)(6)..............................................................3
10
    12 (c)..............................................................2, 3

11
*National Bank Act,*

12
    12 U.S.C. § 85 ..............................................................12

13

# **STATE STATUTES**

14

15
*California Code of Civil Procedure,*

16
    § 425.16..............................................................2
    § 425.16(a) ..............................................................14
17
    § 425.16(b) ..............................................................13,14
    § 425.16(b)(1) ..............................................................13
18
    § 425.16(b)(2) ..............................................................14
    § 425.16(c) ..............................................................24
19
    § 425.16(e) ..............................................................13,14
    § 425.16(e)(1) ..............................................................15
20

21
*California Civil Code,*

22
    § 47(b) ..............................................................18,19

23

24

25

26

27

28

**MEMORANDUM**

## I.   INTRODUCTION

Defendants Hunt & Henriques, Michael S. Hunt, Janalie Henriques, and Kurtiss A. Jacobs (collectively "Defendants") filed a lawsuit in California state court against plaintiff Judith Greenberg ("Greenberg") to recover an unpaid credit card debt of almost $20,000 owed to their client, non-party FIA Card Services, N.A. ("the collection complaint").  Greenberg responded by filing a separate complaint alleging that by asserting common counts and seeking to recover interest, Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* She also alleges that Defendants prelitigation investigation was negligent.[1]  Greenberg's claims are meritless and are simply designed to avoid responsibility for her debts, by forcing Defendants to needlessly incur attorneys' fees and costs.  Defendants are entitled to judgment on the pleadings as to Greenberg's FDCPA claim.  Her negligence claim, meanwhile, must be stricken.

Greenberg's FDCPA claim fails because she has not pled the essential elements of an FDCPA claim.  Nowhere in her complaint does Greenberg allege, even in a conclusory fashion, that she is a "consumer" or that Defendants sought to collect a "debt" from her, within the meaning of the FDCPA.  Nor does she allege facts from which the Court can infer these necessary elements of her claim.

Regardless of these pleading deficiencies, Greenberg's FDCPA claim fails as a matter of law because common counts are proper causes of action in a lawsuit to recover unpaid credit card amounts and because Defendants did not need a written credit card agreement to support a recovery of interest under an account stated claim.

Greenberg's complaint is also a transparent attempt to deter Defendants' lawful attempt to recover the amount due from Greenberg by chilling Defendants'

---

[1]  Defendants removed Greenberg's complaint to this Court on April 22, 2011.

constitutionally protected right to petition the California courts.  Because Greenberg's common law claim for negligence arises out of Defendant's filing of the collection complaint, the claim is subject to a special motion to strike ("an anti-SLAPP motion"), pursuant to section 425.16 of the California Code of Civil Procedure.[2]  Because the claim is barred by California's litigation privilege, Greenberg cannot meet her burden of demonstrating a substantial likelihood that she will prevail on the merits of her negligence claim.

Accordingly, Defendants respectfully request that this Court issue an Order, pursuant to Federal Rule of Civil Procedure 12(c), granting judgment in their favor on Greenberg's FDCPA claim.  Defendants further respectfully request that the Court strike Greenberg's negligence claim and award them the attorneys' fees and costs they have incurred in connection with this motion, pursuant to section 425.16 of the Code of Civil Procedure.

## II.   ALLEGATIONS OF THE COMPLAINT

Greenberg alleges that Defendants filed a lawsuit against her in state court, asserting "common counts" and "seeking to recover a credit card balance allegedly owed by [her]" to non-party FIA Card Services, N.A. ("the collection complaint"). *See* Complaint at ¶¶ 7-8.  Greenberg attaches a copy of the collection complaint to her complaint.  *See id.* Ex. A.  Greenberg states that the collection complaint does not allege a "written contract" and contends that "[t]he amount claimed . . . includes interest at the rate of 29.99% per annum."  *See id.* at ¶ 8.  On the contrary, the collection complaint does not request interest as a component of relief.

---

[2]  There is no impediment to bringing a  special motion to strike a state claim in federal court. *See, e.g., Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005); *Hopscotch Adoptions, Inc. v. Kachadurian*, 2011 WL 587357, **3-4 (E.D. Cal. Feb. 9, 2011), citing *United Sates ex rel. Newsham v. Lockheed Missiles & Space Co*., 190 F.3d 963, 972 (9th Cir. 1999).

Greenberg further alleges that Defendants "knew that there was no written credit card contract to justify the debt . . . inclusive of interest," and "knew or should have known that the alleged obligations sued upon were void and otherwise unenforceable." *See id.* at ¶¶ 14-15.  In addition, Greenberg claims, Defendants "knew or should have known" that she "was a member of the class of Plaintiffs in two actions against FIA . . . which cases have now been settled." *See id.* at ¶ 16.  She also maintains that Defendants knew she "had settled one debt claimed by FIA and that FIA was equitably estopped from seeking to recover any other claim against" her. *See id.* at ¶ 17.

Based on these allegations, Greenberg claims that Defendants violated section 1692f(1) of the FDCPA and were negligent. *See id.* at ¶¶ 15, 24-25.  She contends that she is entitled to punitive damages under section 3294 of the California Civil Code because Defendants knew "that the transaction sued upon was void, and that the claim for interest was usurious under California law," and that "as a matter of Federal and California law, a common cou[n]t could not justify a credit card debt." *See id.* at ¶ 21.

For the reasons that follow, Defendants are entitled to judgment on the pleadings as to Greenberg's FDCPA claim, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Her negligence claim must be stricken, pursuant to section 425.16 of the California Code of Civil Procedure.

## III.  ARGUMENT

### A.  Standards For A Motion For Judgment On The Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c).  The standard applied to a motion for judgment on the pleadings is virtually identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Carmen v. San Francisco Unified Sch. Dist.*, 982 F.

Supp. 1396, 1401 (N.D. Cal 1997); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (same standard applicable where 12(c) motion based on failure to state a claim). In other words, because the Rule 12(b)(6) and Rule 12(c) standards are "'functionally identical,'" courts apply "'the same standard of review'" to motions for judgment on the pleadings as motions to dismiss. *Cafasso, U.S. ex rel v. General Dynamics C4 Sys., Inc.*, __ F.3d __, 2011 WL 1053366, *4 n.4 (9th Cir. Mar. 24, 2011); *see Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

Under Rule 8, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In recent years, the Supreme Court has clarified the standards for pleading under Rule 8 and for motions to dismiss under Rule 12(b)(6). As the Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Thus, while "detailed factual allegations" are not required, *id.*, "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed for the claim to survive, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). As the Court observed in *Iqbal*:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

Following *Iqbal*, only complaints that state "a plausible claim for relief" can survive a motion to dismiss. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausability standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. Determining if a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id.* at 1950. These standards "are equally applicable to motions for judgment on the pleadings under Rule 12(c)." *Jimenez v. Allstate Ins. Co.*, 2011 WL 61611, *1 (C.D. Cal. Jan. 7, 2011).

Greenberg has not pled facts to support a plausible claim for relief against Defendants under the FDCPA, consistent with the pleading requirements of Rule 8 and the decisions in *Iqbal* and *Twombly*. Defendants are entitled to judgment on the pleadings.

### B. Greenberg Has Failed To Plead The Essential Elements Of An FDCPA Claim

To state a claim under the FDCPA, a plaintiff must not only identify the applicable section of the FDCPA under which relief is sought, but must allege facts showing that the different elements of the cause of action are satisfied. *See, e.g.*, *Dokumaci v. MAF Collection Servs.*, 2010 WL 2560024, *1 (M.D. Fla. June 17, 2010) ("In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA."). Greenberg has failed to set forth facts sufficient to satisfy the elements of a valid FDCPA claim.

Greenberg's sole FDCPA claim allegedly arises under section 1692f(1) of the Act. *See* Complaint at 3:18 & ¶ 15. This provision regulates the conduct of "debt collectors" who seek to collect "any debt." *See* 15 U.S.C. § 1692f. With certain exceptions not relevant here, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any *debts*, or who regularly collects or attempts to collect, directly or indirectly, *debts* owed or due or asserted to be owed

1   or due another. . . ." *Id.* § 1692a(6) (italics added).

2       A "debt," meanwhile, is "any obligation or alleged obligation of a consumer

3   to pay money arising out of a transaction in which the money, property, insurance

4   or services which are the subject of the transaction are primarily for personal,

5   family, or household purposes, whether or not such obligation has been reduced to

6   judgment." *Id.* § 1692a(5).  A "consumer" is "any natural person obligated or

7   allegedly obligated to pay any debt." *Id.* § 1692a(3).

8       Although Greenberg has alleged that Defendants are "debt collectors," *see*

9   Complaint at ¶ 6, she has not alleged, even in conclusory fashion, that she is a

10  "consumer" or that Defendants sought to collect a "debt" from her, within the

11  meaning of the FDCPA.  Nor does she allege facts from which the Court can infer

12  these necessary elements of her claim.  *See Dokumaci*, 2010 WL 2560024 at *2.

13  Because these crucial allegations are missing, she has failed to state an FDCPA

14  claim.  Defendants are entitled to judgment on the pleadings.

15      **C.   Greenberg's FDCPA Claim Fails As A Matter Of Law Because**
16          **Common Counts Are Proper Causes Of Action In A Lawsuit To**
            **Recover An Unpaid Credit Card Account**

17      Greenberg contends that an action to collect a credit card debt cannot be

18  based on common counts, and therefore Defendants violated section 1692f(1) of

19  the FDCPA by asserting such claims on behalf of their client.[3]  Greenberg cites no

20  support for this theory, which courts across the country have rejected repeatedly.

21      The California appellate courts do not appear to have addressed whether an

22  action to collect an unpaid credit card can only be based on a claim for breach of

23  contract or whether common counts, such as those brought by FIA in the collection

24  _____

25      [3]  Specifically, section 1692f(1) prohibits debt collectors from using "unfair or

26  unconscionable means to collect or attempt to collect any debt," including "[t]he

27  collection of any amount (including any interest, fee, charge, or expense incidental

28  to the principal obligation) unless such amount is expressly authorized by the
    agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

complaint – account stated, open book account, money lent or money paid – are also permissible bases for recovery.  At least one federal court in California, and numerous state courts around the country, however, have concluded or recognized that common count claims are a proper theory for recovery in a credit card collection lawsuit.

Thus, the Central District of California has rejected "the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated." *Shubin v. Midland Credit Mgmt., Inc.*, 2008 WL 5042849, *5 (C.D. Cal. Nov. 24, 2008).  Other federal courts have implicitly recognized that account stated is an available cause of action to recover an unpaid credit card account. *See Walters v. PDI Mgmt. Servs.*, 2004 WL 1622217, *12 (S.D. Ind. Apr. 6, 2004) (granting summary judgment on debt collector's counterclaim for account stated even though there was no evidence of "original credit card agreement" between debtor and original creditor); *Sinclair Ref. Co. v. Consolidated Van & Storage Cos.*, 192 F. Supp. 87, 90 (N.D. Ga. 1960) (granting summary judgment for creditor on account stated claim arising out of credit card debts).

Numerous state courts have likewise allowed creditors and their assignees, such as debt collectors, to pursue credit card debts by asserting claims for common counts.  For example, the Iowa Court of Appeals recently observed that a "number of jurisdictions have recognized the account stated cause of action with respect to credit cards.  These courts generally reason that a customer's ongoing receipt of credit card statements without objecting to them can give rise to an inference that the customer has accepted the balance shown as due." *Capital One Bank v. Denboer*, 791 N.W.2d 264, 273 (Iowa Ct. App. 2010).  Given this, the court held that "account stated is a potentially valid claim for creditors seeking to collect a credit card debt." *Id.* at 275.

The Texas Court of Appeals has similarly concluded that common counts for

account stated and "open account" are "proper cause[s] of action for a credit card collection suit."  *See, e.g., Busch v. Hudson & Keyse, LLC*, 312 S.W.2d 294,  298 (Tex. Ct. App. 2010) (collecting cases).  In Ohio, it has been affirmed that "[t]he elements of an action on an account as stated in [a prior Ohio appellate court decision] continue to be applied to instances of credit card debt."  *Citibank (South Dakota), N.A. v. Lesnick*, 2006 WL 1670257, *2 (Ohio Ct. App. May 18, 2006) (denying creditor's motion to reconsider earlier decision setting forth "the standard for proving an action on an account for credit card debt").  New York also recognizes the right of a creditor and a creditor's assignee to recover an unpaid credit card debt on an account stated basis.  *See, e.g., American Exp. Centurion Bank v. Cutler*, 81 A.D.3d 761, 762 (N.Y. App. Div. Feb. 15, 2011) (creditor); *Velocity Investments, LLC v. McCaffrey*, __ N.Y.S.2d __, 2011 WL 420661, **5-6 (N.Y. Dist. Ct. Feb. 2, 2011) (assignee); *Citibank (South Dakota) N.A. v. Jones* 272 A.D.2d 815, 816 (N.Y. App. Div. 2000) (affirming grant of summary judgment for creditor).

A Pennsylvania court "reviewed the bulk of appellate court decisions addressing an account stated cause of action and determine[d] that there is no binding authority which carves out an exception to this cause of action merely because the account at issue derives from a credit card."  *American Express Centurion v. Decker*, 2009 WL 528844 (Pa. Comm. Pl. Sept. 17, 2009).  Although the court noted some disagreement, it concluded that a "review of pertinent case law on the issue reveals no support for the idea that credit card cases are exempt from an account stated cause of action."  *Id.*; *see also Citibank (South Dakota), N.A. v. Ananiev*, 2010 WL 3993713 (Pa. Comm. Pl. June 15, 2010) (holding that "plaintiff is correct in its position that an action [to recover a credit card debt] can be based on the theory of accounts stated").

Other states have implicitly recognized the viability of account stated claims. *See, e.g., Capps v. FIA Card Servs., N.A.*, 240 P.3d 583, 588-89 (Idaho 2010)

(affirming grant of summary judgment for credit card issuer on account stated claim); *Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936, 937-38 (Fl. Dist. Ct. App. 2010) (same); *Citibank (South Dakota), N.A. v. Manger*, 939 A.2d 629, 631-32 (Conn. App. Ct. 2008) (per curiam) (same); *American Exp. Bank, FSB v. Johnson*, 945 A.2d 297, 300 (R.I. 2008) (same); *Exxon Corp. v. International Concrete Corp.*, 335 A.2d 236, 237-38 (D.C. 1975) (setting aside directed verdict in favor of credit card holder where documentary evidence established prima facie claim on credit card issues claim for account stated); *see also Credit One, LLC v. Head* 977 A.2d 767, 770 n.7 (Conn. App. Ct. 2009) (noting that "[s]everal trial court decisions in Connecticut have recognized the validity of an account stated cause of action in a factual context similar to the present one [involving collection action brought by successor in interest to credit card issuer]" and collecting cases); *Discover Bank v. Worsham*, 176 P.3d 366, 369 (Okla. Civ. App. 2007) (affirming judgment in favor of credit card issuer; "even assuming [cardholder's spouse] was not a party to the cardmember agreement as she alleges, she remains bound to repay the debts she incurred to [card issuer] under the theory of account stated . . . ."); *Newgard ex rel. Newgard v. Bank of Am.*, 735 N.W.2d 578, 582 (Wis. Ct. App. 2007) (holding that state procedural provision applied to credit card issuer's account stated claim).

In sum, to Defendants' knowledge, no California court has ever held that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account.  In contrast, a number of federal and state courts have either explicitly or implicitly held that common counts <u>are</u> a proper basis for seeking to recover an unpaid credit card debt.  Defendants' assertion of common counts on behalf of their client did not, as a matter of law, violate section 1692f(1) of the FDCPA.  Thus, even assuming that Greenberg has alleged sufficient facts in her complaint, those facts fail to support a cognizable legal theory under the FDCPA.  Judgment on the

pleadings is warranted.[4]

**D.  Greenberg's FDCPA Claim Fails As A Matter Of Law Because The Collection Complaint Did Not Seek Improper Interest**

Greenberg also claims that Defendants violated section 1692f(1) of the FDCPA by improperly seeking to recover interest as part of the collection complaint.  The precise basis for this claim is unclear.  Greenberg either contends that the original creditor was not entitled to assess interest because "there was no written credit contract to justify the debt," *see* Complaint at ¶ 14, or "the claim for interest was usurious under California law," *see id.* at ¶ 21(A).  Either way, the claim fails.[5]

This court applies the "least sophisticated debtor" standard in determining whether a representation violates section 1692f.  *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  Defendants' communication (*i.e.*, the collection complaint) must be viewed objectively, not subjectively, from the standpoint of whether it is likely to deceive or mislead a hypothetical "least sophisticated debtor."  *See id.*; *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989) (per curiam).

To the extent that Greenberg contends that FIA could not recover interest as part of the collection complaint because there "no written credit card contract" exists, she is wrong.  FIA did not need a written credit card agreement to support its account stated claim.

"An account stated is an agreement, based on prior transactions between the

---

[4]  At line 18 on page 3 of her complaint Greenberg refers to section 1692i(a)(2) of the FDCPA, which dictates where a debt collector may file a collection action, but sets forth no facts to support such a claim.

[5]  Any claim that the collection complaint included an unlawful prayer for interest would fail on its face, because the collection complaint contains no such prayer.  *See* Complaint, Ex. A at p.2 ¶ 10 & p.3 item CC-2.

1   parties, that the items of an account are true and that the balance struck is due and

2   owing."  *Maggio v. Neal*, 196 Cal. App. 3d 745, 752 (1987), citing *Gleason v.*

3   *Klamer*, 103 Cal. App. 3d 782, 786 (1980).  "The agreement necessary to establish

4   an account stated need not be express and is frequently implied from the

5   circumstances.  When a statement is rendered to a debtor and no reply is made in a

6   reasonable time, the law implies an agreement that the account is correct as

7   rendered."  *Id.* at 753; *accord Atkinson v. Golden Gate Tile Co.*, 21 Cal. App. 168,

8   171 (1913) (observing "the settled rule that an account rendered and retained

9   beyond a reasonable time without objection is deemed accepted, conceded to be

10  correct, and thereby constituted an account stated").  Significantly, where the

11  creditor renders to the debtor an account statement setting forth the interest rate and

12  the debtor does not object, an account stated will be found that includes the stated

13  interest rate.

14          Thus, a debtor will be deemed to have "agreed to pay interest upon unpaid

15  monthly balances at the rate indicated" even if the debtor has not "expressly agreed

16  to the rate of interest charged" so long as a statement was rendered in which

17  "interest was charged upon and added to the monthly unpaid balance."  *Atkinson*,

18  21 Cal. App. at 171-72; *see Sayward v. Dexter, Horton & Co.*, 72 F. 758, 769 (9th

19  Cir. 1896) (holding that where "there was no statute prohibiting the parties from

20  charging against each other, in their mutual accounts, any rate of interest that they

21  might see fit to adopt.  Their current credits and payments upon account, and their

22  acquiescence in the accounts stated, amounted to an adoption of the rate charged,

23  with the same effect as if there had been an express agreement in writing to pay the

24  same."); *see also Egge v. Healthspan Servs. Co.*, 2001 WL 881720, *2 (D. Minn.

25  July 30, 2001) (recognizing that "account stated doctrine permits liability for

26  interest under circumstances where a party never expressly agreed to pay it.

27  [Citation omitted.]  If one side proffers a 'statement' of an account between the

28  parties, the other side's retention of it without objection for an unreasonable

1  amount of time constitutes prima facie evidence of the accuracy of the account that
2  has been set forth.").

3      As set forth above, a claim for account stated is a proper basis for seeking to
4  recover an credit card debt.  Greenberg does not allege that FIA failed to send her
5  monthly account statements; that those statements failed to set forth the rate and
6  amount of interest due on the account; or that she ever timely objected to or
7  disputed any of those monthly statements.  Accordingly, as a matter of law,
8  Defendants sought to recover (on behalf of their client, FIA) an amount that was
9  "expressly authorized by the agreement creating the debt."  *See* 15 U.S.C. §
10  1692f(1).  Greenberg's FDCPA claim fails.

11      To the extent that Greenberg contends that FIA sought to recover usurious
12  interest, she is again wrong.  Under the National Bank Act, a national bank like
13  FIA is permitted to charge interest at the rate allowed by the laws of the state in
14  which the bank is located.  *See* 12 U.S.C. § 85; *see, e.g., Marquette Nat. Bank of*
15  *Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 308 & n. 24 (1978);
16  *McCoy v. Chase Manhattan Bank, USA*, 559 F.3d 963, 970 (9th Cir. 2009),
17  *reversed and remanded on other grounds sub nom. Chase Bank USA, N.A. v.*
18  *McCoy*, 131 S. Ct. 871 (2011).

19      The collection complaint attached to Greenberg's complaint alleges that FIA
20  is a "national banking association organized and existing under and by virtue of the
21  laws of the United States of America."  *See* Complaint, Ex. A at ¶ 3.a (all capitals
22  in original).[6]  Greenberg does not allege what state FIA is located within, let alone
23  that it charged interest in excess of that allowed by the laws of the state where it is

24  _____

25      [6]  This Court can consider the contents of the collection complaint when
26  reviewing Defendants' motion to dismiss, as Greenberg's claims are dependent on the
   contents of the collection complaint, the document was attached to Greenberg's
27  complaint and she has not questioned its authenticity.  *See Kneivel v. ESPN*, 393 F.3d
28  1068, 1076 (9th Cir. 2005).

located.  Accordingly, she has failed to state a claim that Defendants violated section 1692f(1) by seeking to recover usurious interest on behalf of its client.[7] Defendants are entitled to judgment on the pleading as to Greenberg's FDCPA claim.

### E.    Standards For A Special Motion To Strike ("Anti-SLAPP")

Section 425.16(b) of the California Code of Civil Procedure, which is known as the "anti-SLAPP" statute, provides as follows:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the Greenberg has established that there is a probability that the Greenberg will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1) (emphasis added).  The California legislature enacted the anti-SLAPP statute to provide "an efficient procedural mechanism to obtain an early and inexpensive dismissal of nonmeritorious claims 'arising from any act' of the defendant 'in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . .'"  *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 186 (2003).

The phrase "in furtherance of the person's right of petition or free speech" is defined by section 425.16(e):

> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a

---

[7]  Any claim by Greenberg that Defendants violated California's usury law would be preempted.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003) (National Bank Act preempts state-law usury claims challenging lawfulness of interest charged by national bank).

place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id.* § 425.16(e). Section 425.16 "shall be construed broadly." *Id.* § 425.16(a); *accord Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 671 (2006).

An anti-SLAPP motion is often characterized as a motion for summary judgment in reverse. Unlike a summary judgment motion, however, the moving party need only establish that the cause of action it seeks to strike falls within the scope of section 425.16(b). Thus, the Court must conduct a two-step analysis when ruling on Defendants' anti-SLAPP motion.

First, the Court must determine whether Greenberg's cause of action for negligence is subject to a motion to strike.[8] If it is, then the Court must determine whether Greenberg has established a probability of prevailing on her claim. *See HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 211 (2004).

In performing this analysis, the Court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. Proc. § 425.16(b)(2); *see Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (in determining whether "arising from" requirement is met, court considers, *inter alia*, pleadings). In ruling on this motion, this Court should not weigh the evidence. "The court considers the pleadings and evidence submitted by both sides, but does not weigh the credibility or compare the weight of the evidence. Rather the court's responsibility is to accept as true the evidence favorable to the plaintiff [citation omitted] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." *HMS Capital, Inc.*, 118 Cal. App. 4th at 212.

---

[8] "A special motion to strike may be addressed to individual causes of action and need not be directed to the complaint as a whole." *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1387 (2011).

1   Greenberg's negligence claim is subject to an anti-SLAPP motion, and there

2   is no probability that she can prevail on the merits.  The motion should be granted

3   and her claim should be stricken.

4   **F.    Greenberg's Negligence Claim Is Subject To An Anti-SLAPP Motion**

5   In her Second Cause of Action, Greenberg asserts a claim for negligence

6   against Defendants.  Although it targets Defendants' pre-filing investigation,

7   Greenberg's claim is clearly based on Defendants' exercise of their Constitutional

8   right to petition, *i.e.*, it arises from the collection action filed by Defendants after

9   their allegedly negligent investigation of FIA's claims against Greenberg.  *See*

10  Complaint ¶¶ 7-8 (describing filing of complaint and allegations therein), 24-25

11  (stating that Defendants had a duty . . . to only pursue claims as were factually and

12  legally justified," and that "the Defendants, and each of them, have failed, and

13  continue to fail, to fulfill that duty, by proceeding with the lawsuit now pending . . .

14  ").

15  A special motion to strike may be brought to challenge a pleading based

16  upon "any written or oral statement or writing made before a legislative, executive,

17  or judicial proceeding, or any other official proceeding authorized by law."  Cal.

18  Code Civ. Proc. § 425.16(e)(1).  A decade ago, the California Supreme Court held

19  that the "constitutional right to petition . . . includes the basic act of filing

20  litigation."  *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal. 4th 1106,

21  1115 (1999).  California courts have repeatedly followed this rule.  *See, e.g.,*

22  *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1368 (2009)

23  ("Raining Data's 'act of filing the complaint in the underlying action squarely falls

24  within section 425.16, subdivision (e)(1)'").[9]  "Statements made in litigation, or in

25

26  ─────────────────────────

27  [9]  *Accord Navellier*, 29 Cal. 4th at 89 ("[Defendant] is being sued because of the affirmative counterclaims he filed in federal court.  In fact, but for the federal lawsuit and [Defendant's] alleged actions taken in connection with that litigation,

28

1   connection with litigation, are protected by section 425.16, subdivision (e)."

2   *Coretronic*, 192 Cal. App. 4th at 1388.

3       Greenberg may argue that her negligence claim is not subject to an anti-

4   SLAPP motion because it arises out of "unprotected" conduct that occurred prior to

5   the filing of the collection complaint.  "Courts have taken a fairly expansive view

6   of what constitutes litigation-related activity for purposes of section 425.16. . . .

7   When a lawsuit involves both protected and unprotected activity, the court looks to

8   the gravamen of the claims to determine if the case is a SLAPP. . . . Determining

9   the gravamen of the claims requires examination of the specific acts of alleged

10  wrongdoing and not just the form of the plaintiff's causes of action."  *Id.* at 1388-

11  89.  "[W]here a cause of action alleges both protected and unprotected activity, the

12  cause of action will be subject to section 425.16 unless the protected conduct is

13  'merely incidental' to the unprotected conduct . . . ."  *Mann v. Quality Old Time*

14  *Serv., Inc.*, 120 Cal. App. 4th 90, 103 (2004).

15      *Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600 (2007) is instructive here.

16  There, the plaintiff sued her employer for discrimination and two supervisors for

17  retaliation, alleging that the supervisors had conducted a pretextual investigation

18  and prepared a false report in order to prevent her from receiving "bilingual bonus

19  pay."  *See id.* at 604.  The supervisors moved to strike the retaliation claim under

20  section 425.16, contending that their investigation and preparation of the report

21  was protected activity, because it was conducted in response to a request from the

22  employer's counsel, and that plaintiff's claim was barred by the litigation privilege.

23

24  plaintiffs' present claims would have no basis"); *Yu v. Signet Bank*, 103 Cal. App. 4th

25  298, 316 (2003) ("It is well established that filing a lawsuit is an exercise of a party's
    constitutional right of petition"); *Contemporary Servs. Corp. v. Staff Pro Inc.*, 152

26  Cal. App. 4th 1043, 1055 (2007) ("Plaintiffs' claims are based on defendants' acts of

27  filing the complaint in the underlying action . . . .  Defendants' act of filing the
    complaint in the underlying action squarely falls within section 425.16, subdivision

28  (e)(1).").

*See id.*  On appeal of the trial court's denial of their motion, the appellate court reversed.  *See id.*

Because plaintiff's claim arose from both protected and unprotected activity, the court had to determine whether it was subject to an anti-SLAPP motion.  *See id.* at 609-10.  Quoting *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002), the court explained that "the focus in determining whether a claim is one 'arising from' protected speech or petitioning must be on the 'substance of [the] lawsuit' . . . the relevant question is '[w]hat activity or facts underlie [Politis's] cause of action for [retaliation]?'"  *See id.* at 610 (alterations in original).  The court's examination of plaintiff's complaint "reveal[ed] that the fundamental basis for her retaliation claim . . . is the allegedly pretextual investigation that [one supervisor] ordered and [the other supervisor] conducted, and that allegedly false report [the other supervisor] generated."  *Id.*  The court concluded that it was

> difficult to reach any conclusion other than that the investigation and report are the acts upon which [plaintiff's] cause of action against [the supervisors] is based.  Absent the investigation and report, nothing of substance exists upon which to base a retaliation claim against them.  In addition, because the investigation and report were conducted and written in response to a request for information from counsel for the County, they are acts 'in furtherance of [the supervisors'] right of petition or free speech.'

*Id.* at 611.

Greenberg cannot dispute that the initial requirement for an anti-SLAPP motion has been met here.  Clearly, the filing of the collection complaint was protected activity.  Even assuming that Defendants' pre-filing investigation of their client's claims is "unprotected conduct," their "protected conduct" – the filing of the complaint – is far from being "merely incidental" to the unprotected conduct.  On the contrary, Defendants' filing of the collection complaint was the result of their supposedly negligent investigation – but for the filing of that complaint,

1   Greenberg would have no claim for negligence.[10]  The investigation was

2   necessarily undertaken in furtherance of Defendants' constitutional right to

3   petition.  Greenberg's negligence claim clearly arises out of Defendants acts in

4   furtherance of the right of petition, and is thus subject to section 425.16.

5

6   **G.   Greenberg Cannot Meet Her Burden Of Establishing That She Is Likely To Prevail On The Merits Of Her Negligence Claim Because The Claim Is Barred By The Litigation Privilege**

7   Because Defendants have met their initial burden, the burden shifts to

8   Greenberg to come forward with admissible evidence sufficient to demonstrate that

9   she can prevail on the merits of her claims.  *See HMS Capital*, 118 Cal. App. 4th at

10  211-12; *Barak v. Quisenberry*, 135 Cal. App. 4th 654, 661 (2006) ("In order to

11  trigger a response from a plaintiff in a special motion to strike, a moving defendant

12  need only demonstrate that the action arises out of protected First Amendment

13  activity.").  To "establish a probability of prevailing in the litigation," Greenberg

14  must show that her "complaint is both legally sufficient and supported by a

15  sufficient prima facie showing of facts to sustain a favorable judgment if the

16  evidence submitted by [her] is credited."  *HMS Capital*, 118 Cal. App. 4th at 213

17  (internal quotation marks omitted).  Whether Greenberg can meet her burden of

18  establishing a prima facie case is a question of law.  *See Zamos v. Stroud*, 32 Cal.

19  4th 958, 965 (2004); *HMS Capital*, 118 Cal. App. 4th at 213.  Greenberg cannot

20  meet her burden.

21  **1.   The Litigation Privilege**

22  Even if Greenberg could prove her allegations, her claim for negligence

23  would still fail because it is barred by the litigation privilege set forth in California

24  Civil Code § 47(b).  California courts and the California legislature have long

25

26

27  [10]   Implicit in Greenberg's theory is that had Defendants conducted an appropriate, non-negligent investigation, they would <u>not</u> have filed and pursued the

28  collection complaint.

1 recognized that the contents of any pleading are <u>absolutely</u> privileged and may not

2 form the basis of any subsequent claim against the speaker.

3     "For well over a century, communications with 'some relation' to judicial

4 proceedings have been absolutely immune from tort liability by the privilege

5 codified as section 47(b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[11]  The

6 principal purpose of the privilege is "to afford litigants and witnesses the utmost

7 freedom of access to the courts without fear of being harassed subsequently by

8 derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations

9 omitted).

10     The usual formulation of the contours of the privilege was stated by the

11 California Supreme Court in *Silberg* as follows:

12     The privilege applies to any communication (1) made in judicial or quasi-
judicial proceedings; (2) by litigants or other participants authorized by law;

13 (3) to achieve the objects of the litigation; and (4) that have some connection
or logical relation to the action.

14

15 *Id.* at 212.  The California Supreme Court has declared that the contents of all

16 pleadings and process involved in any litigation are privileged communications and

17 may not form the basis of any claim.  *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th 1048,

18 1058 (2006) (privilege applies to false or perjurious testimony or pleadings);

19 *Rubin*, 4 Cal. 4th at 1195 (privilege barred claims based on contents of pleadings

20 and amended pleadings).

21        **2.**    **The Litigation Privilege Applies To All Claims – Statutory,
Tort Or Constitutional – Except Malicious Prosecution**

22     The litigation privilege applies broadly to virtually all types of claims.

23 Because application of the privilege is essential to ensuring the integrity of the

24 judicial process, California courts have given the privilege an expansive reach,

25 _____

26     [11]  Section 47(b) of the California Civil Code provides in relevant part as

27 follows: "A privileged publication or broadcast is one made: . . .  (b) In any (1)
legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding

28 authorized by law . . . ."  Cal. Civ. Code § 47(b).

using it to bar both statutory and tort causes of action, with a single exception for malicious prosecution suits.  *See Silberg,* 50 Cal. 3d at 215-16.[12]

The California Supreme Court has repeatedly emphasized the compelling public policy reasons why <u>no</u> claim – be it statutory, common law, or even constitutional – can trump the privilege, regardless of the "label" used by the plaintiff.  *See Jacob B.*, 40 Cal. 4th at 962.[13]  Even claims arising under the quintessential consumer protection statute – section 17200 of the California Business & Professions Code – have been held barred.  *See, e.g., Olszewski*, 30 Cal. 4th at 831-32; *Rubin*, 4 Cal. 4th at 1193.  As for negligence claims, it is beyond question that the privilege applies to such claims.  *See Daniels v. Robbins*,

---

[12]  *See also Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007) (privilege barred constitutional right of privacy claim); *Foothill Fed. Credit Union v. Superior Court*, 155 Cal. App. 4th 632, 634-36(2007) (litigation privilege bars claim for invasion of privacy based on disclosure of personal financial records); *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (litigation privilege barred alleged class claims asserted under Business & Professions Code § 17200); *Rubin*, 4 Cal. 4th at 1200-04 (privilege barred claim for alleged violations of Business & Professions Code § 17200); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (privilege barred claim for damages arising from alleged violations of Privacy Act, Penal Code §§ 630, *et seq*.); *Carden v. Getzoff*, 190 Cal. App. 3d 907, 909 n. 2 (1987) (privilege barred claim for fraud and deceit); *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 642-43 (1986) (privilege barred claim based on publication of forged will prepared for probate); *Portman v. George McDonald Law Corp.*, 99 Cal. App. 3d 988, 989-90 (1979) (privilege barred claim for negligent misrepresentation).

[13]  *See, e.g., Jacob B.*, 40 Cal. 4th at 962 (privilege furthers "the vital public policy of affording free access to the courts and facilitating the crucial functions of the finder of fact.") (citations omitted); *Rusheen*, 37 Cal. 4th at 1064 (privilege encourages attorneys to zealously protect their clients' interests:  "It is desirable to create an absolute privilege ... not because we desire to protect the shady practitioner, but because we do not want the honest one to have to be concerned with [subsequent derivative] actions . . .") (citations omitted); *Silberg*, 50 Cal. 3d at 215 (rejecting the "interests of justice" exception to the privilege:  "To effectuate its vital purposes, the litigation privilege is held to be absolute in nature.") (citations omitted).

---

182 Cal. App. 4th 204, 215-16 (2010) (stating that "it is clear that the litigation privilege" forecloses pursuit of negligence and other claims arising from "filing a complaint against [Plaintiff] and filing other documents against [her] in the course of the lawsuit"); *Navarro v. IHOP Props., Inc.*, 134 Cal. App. 4th 834, 844 (2005) (privilege bars  "'all torts other than malicious prosecution, including . . . negligence . . .").

Greenberg's negligence claim is based on Defendants' filing of the collection complaint.  *See* Complaint at ¶¶ 7-8, 23-26.  Thus, the privilege applies.  Her claim is barred.

### 3.   The Litigation Privilege Applies To Both Communicative And Non-communicative Conduct

In order to avoid application of the privilege, Greenberg may argue that her negligence claim arises solely out of non-communicative conduct, namely, the investigation Defendants conducted prior to filing the collection complaint.  Such hairsplitting would fail.

Application of the privilege is not limited to claims arising from communications or other "communicative conduct."  California courts have consistently applied the privilege to bar claims arising from non-communicative conduct that is logically connected to communicative conduct.

Thus, "a 'threshold issue in determining the applicability' of the privilege is whether the defendant's conduct was communicative or noncommunicative." *Rusheen*, 37 Cal. 4th at 1058.  That determination focuses on the nature of the claimed injury:

> The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action. [Citations.] That is, the key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature.
>
> * * *
>
> Additionally, '[i]f the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct. . . .[Citations.]'

1   *Id.* at 1058, 1065.  To prevent application of the privilege, then, Greenberg must

2   demonstrate that "an independent, noncommunicative, wrongful act was the

3   gravamen of the action . . . ."  *See id.* at 1068.  She cannot do this.

4           The fact that Greenberg's claim may be based on conduct allegedly

5   occurring prior to the filing of litigation does not remove it from the reach of the

6   litigation privilege.  A similar theory was rejected in *Ramaligam v. Thompson*, 151

7   Cal. App. 4th 491 (2007).  There, in a dissolution action, divorcing spouses jointly

8   retained an accountant "to aid resolution of their community property and support

9   issues." *Id.* at 493.  Based on the accountant's testimony, the court ruled that

10  certain shares of a security acquired by the husband "were community property"

11  and that all of the community property shares "had been sold during the marriage to

12  pay community expenses." *Id.* at 493-94.

13          Subsequently, the wife sued the accountant for malpractice.  *See id.* at 494.

14  She alleged that the accountant had provided "deficient" services and "had failed to

15  follow generally accepted accounting practices." *Id.* at 496.  On appeal, the court

16  affirmed the trial court's grant of summary judgment for the account, agreeing that

17  the wife's claims were barred by the litigation privilege.  *See id.* at 498, 505.  The

18  court rejected the wife's argument that the gravamen of her claim was the

19  accountant's noncommunicative conduct underlying the opinion he offered during

20  the dissolution proceedings.  *See id.* at 502, 503.

21          Instead, the court agreed with the accountant that "it was his communication

22  of his opinion regarding the community property interest in the Johnson & Johnson

23  stock that allegedly caused [the wife's] damages.  The gravamen of [the wife's]

24  claim is therefore the [accountant's] communicative conduct." *Id.* at 504.  In

25  holding that the claim was barred by the litigation privilege, the court emphasized

26  that

27          **[t]he fact that [the wife] alleges that [the accountant] was negligent in his
            investigation and preparation of his opinions regarding the Johnson &
28          Johnson stock does not alter our conclusion**.  As we have discussed, it is

well established that where the gravamen of a complaint is communicative conduct, the litigation privilege necessarily protects related noncommunicative conduct [citation omitted] including activities done in preparation for testifying [citation omitted]. **Thus, [the accountant's] allegedly negligent investigation of the status of the Johnson & Johnson stock in preparation for testifying at the trial on property issues is also protected by the section 47(b)(2) litigation privilege**.

*Id.* (emphasis added); *see also Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1140 n.8 (2008) (prelitigation conduct, such as preparing to testify, is protected).

As in *Ramalingam*, Defendants' allegedly negligent investigation is obviously connected to the collection complaint.  Indeed, Greenberg maintains that Defendants had a duty to ensure that FIA's claims "were factually and legally justified and to only pursue such claims as were factually and legally justified." Complaint at ¶ 24.  She further maintains that "by proceeding with the lawsuit now pending in Van Nuys, California," Defendants "failed, and continue to fail, to fulfill that duty" to investigate.  *Id.* at ¶ 25.  As "a direct and proximate result," Greenberg contends, she "sustained damages in a sum in excess of $35,000 for attorney's fees alone," plus statutory damages and "courts costs and legal expenses."  *Id.* at ¶ 26.

The gravamen of Greenberg's claim is that Defendants filed a baseless lawsuit against her.  Greenberg has not identified, nor can she identify, any non-communicative wrongful act upon which her claimed injury could be based. Clearly, her alleged injury resulted from a communicative act – the filing of the collection complaint.  But for the filing of the complaint, Greenberg would not have (allegedly) suffered injury and would not have a basis for her negligence claim.  Thus, even if the supposedly negligent investigation is deemed non-communicative conduct, as in *Ramalingam*, the product of that investigation – the collection complaint itself – is a communication subject to the litigation privilege. Her negligence claim is thus barred by the litigation privilege and must be stricken.

//

//

GREENBERG V. HUNT & HENRIQUES, ET AL. (CASE NO. 11CV-3469 JHN (JCx))
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
AND SPECIAL MOTION TO STRIKE; MEMORANDUM IN SUPPORT

23.

### H.   Defendants Are Entitled To An Award Of Attorneys' Fees And Costs Incurred In Connection With Their Anti-SLAPP Motion

Greenberg has asserted a negligence claim that is wholly without merit.  By doing so, she has unnecessarily made this action more time-consuming and expensive.  Under these circumstances, the Code of Civil Procedure provides that Defendants <u>shall</u> recover the costs and fees it has incurred in bringing this motion. *See* Cal. Code Civ. Proc. § 425.16(c) ("In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2004). To date, Defendants have incurred significant fees and costs in the amounts detailed in the Declaration of Jeffrey A. Topor filed herewith.

## IV.   CONCLUSION

Greenberg's FDCPA claim fails because she has failed to state all the essential elements of an FDCPA claim.  Her FDCPA claim also fails as a matter of law because common counts are proper causes of action in a lawsuit to recover unpaid credit card amounts and because Defendants did not need a written credit card agreement to support a recovery of interest under an account stated claim. Greenberg's negligence claim attacks communications arising directly from Defendants' Constitutional right of petition and it is therefore undeniably subject to a special motion to strike pursuant to section 425.16.  Greenberg cannot show that she is likely to prevail on the merits of her claims.  The motion for judgment on the pleadings and the motion to strike must be granted, and Defendants respectfully request that they be awarded the costs and attorneys' fees they have incurred in connection with this motion.

//

//

//

GREENBERG V. HUNT & HENRIQUES, ET AL. (CASE NO. 11CV-3469 JHN (JCx))
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
AND SPECIAL MOTION TO STRIKE; MEMORANDUM IN SUPPORT

24.

1   DATED: May 13, 2011          SIMMONDS & NARITA LLP
                                 JEFFREY A. TOPOR
2                                ARVIN C. LUGAY

3

4                                By:   /s/Jeffrey A. Topor
                                       Jeffrey A. Topor
5                                      Attorneys for defendants
                                       Hunt & Henriques, Michael S. Hunt,
6                                      Janalie Henriques, Kurtiss A. Jacobs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28