1  Raymond A. Greenberg, SBN 43394
2  Raylaw43@msn.com
   RAYMOND A. GREENBERG, ATTORNEY AT LAW
3  1521 LaVenta Road
4  Westlake Village, CA 91361
   Telephone: 805-373-5260
5  Facsimile: 805-494-8312
6  Attorney for Plaintiff  JUDITH E. GREENBERG

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 **JUDITH E. GREENBERG,**          Case No. 11CV-3469 JHN (JCx)

12                                   **POINTS AND AUTHORITIES IN**
              **Plaintiff**          **OPPOSITION TO DEFENDANT'S**
13                                   **MOTION FOR JUDGMENT ON**
                                     **THE PLEADINGS (FDCPA) AND**
14    v.                             **SPECIAL MOTION TO STRIKE**
                                     (*CCP section 425.16*).
15
   **HUNT, HENRIQUES,**              **Hearing Date:  June 27, 2011**
16 **MICHAEL S. HUNT, JANALIE**
17 **HENRIQUES, KURTISS A**          **Time:  2:00 PM**
   **JACOBS, ET AL**
18                                   **Courtroom:  790**
19             **Defendant**
                                     **Judge:**
20                                   **The Hon. Jacqueline H. Nguyen**
21

22

23

24      PLAINTIFF, JUDITH E. GREENBERG submits the following Points and

25 Authorities in opposition to Defendants' motions for judgment on the pleadings

26 under the federal Fair Debt Collection Practices Act (FDCPA) and special motion

27 to strike under *California Code of Civil Procedure section 425.16* (Anti-SLAPP)

28 against Plaintiff's claim for negligence.

# I. INTRODUCTION

Because Defendant's counsel declares that his practice is "focused on consumer financial services litigation", and because he further declares that he has successfully defended litigation under the federal Fair Debt Collection Practices Act (FDCPA), the argument asserted in the motions and the authorities cited are disingenuous at best, but bordering on pettifoggery at worst.

Of the approximately 70 appellate cases cited by Defendants in support of their motions, nine are unpublished decisions, and thus have no value as precedent in any proceeding, unless such decision was the law of that specific case. The obvious reason for that rule is based upon procedural due process. No person can have a fair hearing if that person is required to subscribe to Westlaw as the only source of appellate case law.

Of the remaining cases cited, approximately 10 apply to jurisdiction and pleading requirements. The Defendants assert that the Complaint here is deficient because the Plaintiff did not allege that she was a "consumer", as defined in *15 U.S.C. 1692a(3)* and that she owed a "debt", as defined in *15 U.S.C. 1692a(5).*

In fact, the debt was acquired by her as a natural person (i.e., a "consumer"), and, as she testified to, the money was used to help pay for her colon cancer surgery and subsequent treatment.

Therefore, Plaintiff seeks leave of court to amend the Complaint to cure any deficiencies in pleading.

As a lawyer whose practice is "focused on consumer financial services litigation", with experience in defending FDCPA lawsuits, obviously Defendant's counsel knew that *Reichert v. National Credit Systems, Inc. (9th Circuit-2008) 531 F 3rd 2001, Flatley v. Mauro (2006) 39 Cal 4th 299,* and *McCollough v. Johnson, Rodenburg & Lauinger, LLC (9th Circuit, March 4, 2011) (No. 09-35767)_F 3rd___* are determinative of these motions in favor of the Plaintiff. Further, Defendant cited *Donohue v. Quick Collect Inc., (9th Circuit - 2010) 592*

1   *F 3rd 1027* and <u>*Yu v. Signet Bank*</u> *(2002) 103 Cal App 4th 298* (in a footnote),

2   but those cases are adverse to Defendants.

## II. FACTS

4       In 2006, Plaintiff applied for a VISA credit card in response to a written

5   solicitation from "Bank of America". That card was issued, and shortly

6   thereafter, in 2007, Plaintiff used the card to pay for personal medical bills

7   involving colon cancer surgery and subsequent treatment.  The Plaintiff then

8   made payments on the card, until she could pay no longer and the account fell

9   into default.

10      Unbeknownst to Plaintiff, "Bank of America" was in fact FIA Card

11  Services N.A., a national bank chartered in Delaware.  On April 29, 2010, on

12  behalf of FIA Card Services (FIA), the Defendants filed a civil action in the

13  Superior Court of California for the County of Los Angeles, Case No. 10E05131,

14  a Limited Civil Action a copy of which is attached hereto and marked Exhibit A,

15  seeking recovery of $19,242.61 inclusive of interest at the rate of 29.99% per

16  annum,  based upon five "common counts": open book account, account stated,

17  money lent, money paid at the special interest and request, and unjust

18  enrichment.  The entire Complaint was based upon those five common counts,

19   with no allegations therein of compliance with the Consumer Credit Protection

20  statutes (*15 U.S.C 1601 et seq.*), and no distinction between principal and

21  interest. Because the Plaintiff here used the credit transactions to pay for

22  personal medical bills, the transaction was not exempt from those statutes

23  pursuant to *15 U.S.C. 1603(1)*.

24      In response to the Complaint, the Plaintiff filed a First Amended Answer

25  thereto (Exhibit B) and the case was tried on May 16, 2011.  As a result of that

26  trial, the trial court ordered judgment in favor of the FIA in full sum claimed

27  together with court costs.  A copy of such written judgment is attached hereto

28  and marked Exhibit C.

1      Pursuant to the Federal Rules of Evidence, Rule 201, Plaintiff Requests

2  that  this court take judicial notice of those relevant files of the Los Angeles

3  Superior Court, Exhibits A, B and C attached hereto.

4      Although the Defendants, on behalf of FIA, moved to amend the

5  Complaint to include proof of a written contract, the court expressly refused to

6  do so, and thus the judgment was ordered and entered on the Common Counts.

### III.  LEGAL ARGUMENT

**A. The Anti-SLAPP statute (Code of Civil Procedure section 425.16) does  not apply to speech and petitioning activity that is illegal as a matter of law, and, therefore, not constitutionally protected.** (*Flatley v. Mauro* (2006) 39 Cal 4th 299, 311.)

The California Supreme Court in *Flatley* analyzed the scope of *Code of Civil Procedure, section 425.16* and its relation to the litigation privilege (*Civil Code § 47(b)*).  As the Supreme Court made clear, illegal conduct may be privileged under *Civil Code section 47(b)* but still subject to being stricken *section 425.16. (Flatley, supra,* at 324.)

As articulated in *Flatley*, to be successful under the *section 425.16*, the Defendant must show that the conduct complained of by the Plaintiff is constitutionally protected speech or petition.  The second step in such a motion is that the Plaintiff must show a likelihood that the Plaintiff will prevail in the lawsuit.

The subject matter of Plaintiff's claim is that the Defendants as "debt collectors" engaged in unfair collection practices by falsely representing "the character, amount, or legal status of any debt; . . ." in violation of *15 U.S.C. 1692e(2)(A),* and that the Defendants sought to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation)" where the claim, on its face, was neither "expressly authorized by the agreement creating the debt or permitted by law". (*15 U.S.C. 1692f(1).*)

The filing of the common counts lawsuit was the culmination of a

1    collection process conducted by Defendants.

2    **1. By Asserting the Common Counts In The Lawsuit Seeking to**
3    **Collect the Debt, the Defendants Misrepresented the Character,**
     **Amount or Legal Status of the Debt.** *15 U.S.C. 1692e(2)(A).*

4    By *15 U.S.C. 1601 et seq.*, Congress created a comprehensive and detailed

5    scheme for credit card lenders to establish and enforce credit card debts. Starting

6    with the "Declaration of Purpose" (*15 U.S.C. 1601(a)*). That scheme was based

7    upon specific requirements of disclosure of charges. Essentially, Congress

8    required that a credit card creditor, in order to collect a credit card debt, allege

9    and prove a written contract for the debt. The fundamentals of such a credit card

10   transaction are simple. A customer makes a written or oral application for a

11   credit card. (*15 U.S.C. 1642.*)    That request or application is part of what is no

12   more than pre-contract negotiation.

13   Pursuant to such negotiation, the credit card issuer will decide whether to

14   issue a credit card to the customer. If it decides to do so, that is an "offer" and

15   disclosures must be made concerning finance charges and terms. (*15 U.S.C.*

16   *1604, 1605, 1606* and *1637.*)

17   Under traditional (and hallowed) contract law, the contract is "accepted"

18   by the debtor activating and using the credit card.

19   That specific process would create a written contract, enforceable under

20   federal and state law. But that is not what was alleged and asserted in the FIA

21   Complaint.

22   By these motions, the Defendants seek immunity from any liability under

23   the FDCPA which imposes a harsh standard of care upon "debt collectors", i.e.,

24   strict liability.

25   In so arguing, the Defendants seek this Court to nullify the express

26   "Declaration of Purpose" of Congress as set forth in *15 U.S.C. 1601(a).* However,

27   in representing a creditor plaintiff, the Defendants, as "debt collectors" have the

28   obligation to investigate every claimed credit card debt to verify that it was

collectible, based upon admissible evidence, under both United States law and the law of the state where the debt arose. Under an "Account Stated" cause of action, a creditor may simply start with a debtor's $1000.00 credit card advance and immediately add $2000.00 to it with the hope and the likely expectation that the debtor will not object. If the debtor objects, then the bill could be revised. If the debtor does not object, out of ignorance, inattention, or unsophistication, the creditor has then established an Account Stated.

That is clearly contrary to the "Declaration of Purpose" of Congress.

Thus, an issue here is not only whether 29.99 percent interest could be collected but whether, on the basis of a claim for an implied contract in the form of an Account Stated, the entire debt is void.

Plaintiff here is asserting that the Defendants breached their duties to investigate the facts and the law before filing the lawsuit, and to allege causes of action in accordance with the law and applicable facts.

"Debt collectors" (defined in *15 U.S.C. 16192a(6)*.) are "*subject to strict liability*" for "unfair practices" (as Defined in *15 U.S.C. 1692e* and *1692f*). (*Reichert v. National Credit Systems, Inc.* (9th Circuit. 2008) 531 F. 3rd 1002,1005; *Donohue v. Quick Collect, Inc.*, (9th Circuit. 2010) 592 F. 3rd 1027)

The Defendants claim that a claim against a consumer for a credit card debt is legal and enforceable under an *implied* contract asserted as an "Account Stated " even though that claim may be an "unfair practice" under *15 U.S.C. 1692f(1)*, and illegal.

Defendants are not only "debt collectors" as defined *in U.S.C. 1692a(6)*, but also California lawyers who knew that California law was unsettled as to whether a credit card debt could be collected upon any common count cause of action. (admitted by Defendants: supporting Memorandum, p.6., line 21, to p.7., line 2.)

///

1   However, the Defendants prosecuted the claim against Plaintiff on the

2   common counts notwithstanding the standard set forth in *15 U.S.C. 1692e* and

3   *1692f* that requires the court to make an "objective" analysis as to whether "the

4   least sophisticated debtor" would be misled by being sued by a credit card

5   creditor on common counts only.( *Donohue v. Quick Collect, Inc.*,; *Guerrera v.*

6   *RJM Acquisitions, LLC, supra.*)

7   Thus, the extensive legal research and arguments asserted by the

8   Defendants in their motions are irrelevant.  Simply stated, a "debt collector" is

9   subject to liability for an "unfair practice" if the "least sophisticated debtor" does

10  not know what an "account stated" or a "common count" is.

11  The Plaintiff was served with a lawsuit by FIA of which she had no

12  knowledge.  The lawsuit sought collection based upon five common counts, and

13  particularly an "account stated".  Few people, including most lawyers, have no

14  knowledge about "common counts".

15  **2. Defendants Pursued Claims for Interest Unsupported by any**
    **Written Contract or California Law, and Thus the Defendants**
16  **Violated *15 U.S.C. 1692f(1)*.**

17  For the purpose of this motion, Plaintiff admits that FIA is a national

18  bank. Although it would be exempt from California interest rate limitations, it

19  still would have to comply with California law to qualify for that exemption.  In

20  order to so qualify, Civil Code section 1916-1 requires a lender, in order to be

21  exempt, to have a written contract. Otherwise, the maximum interest that can be

22  charged is 7% per annum.  The trial court rejected FIA's motion to amend the

23  complaint to include a breach of contract, and the judgment was rendered on the

24  common counts only. The FIA lawsuit was for $19,242.61 which included

25  29.99% interest.  Common counts are *implied* contracts, not written contracts.

26  (*Weitzenkorn v. Lesser* (1953) 42 Cal Second 778, 793; *Lloyd v. Willaims* (1964)

27  227 Cal App 2nd 646, 649; *Katsura v. City of San Buenaventura*, 2007)  155 Cal

28  App 4th 104, 109.).

1    Therefore, Defendants engaged in a prohibited collection practice in

2   violation of *15 U.S.C. 1692f1,* by seeking interest on a credit card indebtedness

3   without a written contract in excess of 7% per annum.

4    The Defendants' Anti-SLAPP Motion to Strike must be denied because

5   the Plaintiff's claims are meritorious.

6   **B. Defendants Had a Legal Duty to Investigate the FIA Claim to**
    **Determine Whether the Claim was Justifiable and a Matter of**
7   **Fact and Law.** (*Federal Rules of Civil Procedure, Rule 11; California*
    *Code of Civil Procedure § 128.7; California Business and Professions*
8   *Code § 6068; California Rules of Professional Conduct, Rule 5-200;*
    *Biakanja v. Irving (1958) 49 Cal 2nd 647;* and *Lucas v. Hamm (1962) 56*
9   *Cal 2nd 583.*)

10  **C.  The Court Should Allow Plaintiff to File A First Amended Complaint.**

11   The Complaint here was filed in Ventura County Superior Court, and was

12  not intended to comply with *FRCP, Rule 8.*  Plaintiff can easily amend the

13  Complaint to satisfy the objections raised by the Defendants, and will do so

14  upon this Court's leave, which should be "freely" given. (*FRCP, Rule 15(a)(2).*)

15  **D.  An Action to Enforce any Liability Under the FDCPA Must be**
    **Brought Within One Year From the Date of the Violation.**
16  (*15 U.S.C. 1692k(d).*)

17   The FIA Complaint against Plaintiff was filed on April 29, 2010.  Under

18  the FDCPA, Plaintiff was required to file her Complaint against the Defendants

19  before April 29, 2011.

20  **E.  Defendant's Motion Asserting the "Litigation Privilege" (Civil**
    **Code § 47(b)) Must Be Denied Because it is Inapposite to the**
21  **Litigation Privilege.**

22   The Supreme Court in *Flatley, supra,* at pp. 324 to 325 quoted its

23  decision in *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss and Karma*

24  *(1986)42 Cal 3rd 1157)* "'The privileges of *Civil Code section 47,* unlike

25  *evidentiary privileges which function by the exclusion of evidence* [citation],

26  operate as limitations upon liability."(italics added.)  Indeed, on brief reflection,

27  it is quite clear that section[47, sub division(b)] has never been thought to bar

28  the *evidentiary* use of every 'statement or publication' made in the course of a

1   judicial proceeding . . . ."  Thus, as expressly stated by the Supreme Court, the

2   common counts complaint can be used as here.

3       Therefore, the motions should be granted but leave give to Plaintiff to

4   amend her Complaint, and Plaintiff should be awarded attorneys fees as set forth

5   in the Declaration of Raymond A. Greenberg, pursuant to Code of Civil

6   Procedure section 425.16(c)(1)

7   Dated:  June  04, 2011               Respectfully Submitted

8

9

10                     By: _s/ Raymond A. Greenberg____

11                           Raymond A. Greenberg
   ///                           Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JUDITH E GREENBERG

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

FIA CARD SERVICES, N.A.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: SUPERIOR COURT OF CALIFORNIA, COUNTY OF | **CASE NUMBER:** *(Número del Caso)* |
| *(El nombre y dirección de la corte es)* LOS ANGELES | 10E05131 |

Northwest District
6230 Sylmar Avenue Room 107
Van Nuys CA 91401

**LIMITED CIVIL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
HUNT & HENRIQUES, Attorneys at Law Michael S. Hunt, #99804 Janalie Henriques #111589
151 Bernal Rd. Suite 8, San Jose, CA 95119    Telephone (408) 362-2270

DATE:                                          Clerk, by_____, Deputy
*(Fecha)*   APR 8 9 2010  JOHN A. CLARKE  *(Secretario)*  MICHAEL J. ESTORGA  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citacion use el formulario Proof of Service of Summons, (form POS-010).)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

FILE BY FAX

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, ESQ.  #99804<br>Janalie Henriques, ESQ. #111589<br>151 Bernal Rd. STE 8,      San Jose, CA 95119-1306 | |

TELEPHONE NO:  (408) 362-2270  FAX NO. *(OPTIONAL)*:  (408) 362-2299
E-MAIL ADDRESS*(Optional)*:
ATTORNEY FOR *(Name)*:  PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue Room 107
MAILING ADDRESS: Van Nuys CA 91401
CITY AND ZIP CODE: Northwest District
BRANCH NAME:

APR ?? ?00?

PLAINTIFF:  FIA CARD SERVICES, N.A.

DEFENDANT:  JUDITH E GREENBERG

[ ] DOES 1 TO _____

| CONTRACT | |
|---|---|
| [X] COMPLAINT          [ ] AMENDED COMPLAINT *(Number)*:<br>[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT *(Number)*: | |

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [X]  ACTION IS A LIMITED CIVIL CASE      19242.61<br>    Amount demanded [ ] does not exceed $10,000<br>              [X] exceeds $10,000, but does not exceed $25,000<br>[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>    [  ] from limited to unlimited<br>    [  ] from unlimited to limited | 10E05131 |

1. PLAINTIFF* *(names)*: FIA CARD SERVICES, N.A.

    alleges causes of action against DEFENDANT* *(names)*:
    JUDITH E GREENBERG
2. This pleading, including attachments and exhibits, consists of the following number of pages: _4_
3. a. Each plaintiff named above is a competent adult
    [X] **except** plaintiff *(name)*: FIA CARD SERVICES, N.A.
        [  ] a corporation qualified to do business in California
        [  ] an unincorporated entity *(describe)*:
    [X] other *(specify)*: A NATIONAL BANKING ASSOCIATION ORGANIZED AND EXISTING
              UNDER AND BY VIRTUE OF THE LAWS OF THE UNITED STATES OF AMERICA

  b. [ ] Plaintiff *(name)*:
          [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

          [ ] has complied with all licensing requirements as a licensed *(specify)*:
  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
      [ ] **except** defendant *(name)*:                      [ ] **except** defendant *(name)*:
          [ ] a business organization, form unknown              [ ] a business organization, form unknown
          [ ] a corporation                                      [ ] a corporation
          [ ] an unincorporated entity *(describe)*:             [ ] an unincorporated entity *(describe)*:

          [ ] a public entity *(describe)*:                      [ ] a public entity *(describe)*:

          [ ] other *(specify)*:                                 [ ] other *(specify)*:

FILE BY FAX

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT - Contract**

Code of Civ. Proc., § 425.12

PLD-C-001

| SHORT TITLE:<br>FIA CARD SERVICES, N.A. V.<br>JUDITH E GREENBERG | CASE NUMBER: |
|---|---|

(Continued)

b. The true names and capacities of defendants sued as Does are unknown to plaintiff.

(1) [ ]  Doe defendants (specify Doe numbers): _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

(2) [ ]  Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to plaintiff.

c. [ ] Information about additional defendants who are not natural persons is contained in Complaint - Attachment 4c.

d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

5. [ ] Plaintiff is required to comply with a claims statute, and

a. [ ] plaintiff has complied with applicable claims statutes, or

b. [ ] plaintiff is excused from complying because (specify):

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because

a. [ ] a defendant entered into the contract here.

b. [ ] a defendant lived here when the contract was entered into.

c. [ X ] a defendant lives here now.

d. [ ] the contract was to be performed here.

e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.

f. [ ] real property that is the subject of this action is located here.

g. [ ] other (specify):

8. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):

[ ] Breach of Contract

[ X ] Common Counts

[ ] Other (specify):

9. [ X ] Other: Bank of American Corporation (B of A) and MBNA Corporation (MBNA) merged. B of A and MBNA established FIA Card Services, N.A. (FIA) a credit card bank and effective October 19, 2006 all MBNA and B of A credit card accounts are issued and administered by FIA.

10. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. [ X ] damages of $ 19242.61

b. [ ] interest on the damages

(1) [ ] according to proof

(2) [ ] at the rate of _____ percent per year from (date):

c. [ ] attorney fees

(1) [ ] of $ _____

(2) [ ] according to proof.

d. [ ] other (specify):

11. [ ] The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):

Date: April 13, 2010

MICHAEL S. HUNT #99804  OR

JANALIE HENRIQUES  #111589

(TYPE OR PRINT NAME)

/S/ Janalie Henriques

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

(If you wish to verify this pleading, affix a verification.)

FILE BY FAX

PLD-C-001(2)

| SHORT TITLE:<br>FIA CARD SERVICES, N.A. v.<br>JUDITH E GREENBERG | CASE NUMBER: |
| --- | --- |

<u>FIRST</u>      **CAUSE OF ACTION - Common Counts**
_(number)_

ATTACHMENT TO   [ X ] Complaint   [   ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

CC-1. Plaintiff _(name)_:
     FIA CARD SERVICES, N.A.
alleges that defendant _(name)_:
     JUDITH E GREENBERG
became indebted to   [ X ] plaintiff   [   ] other _(name)_:

   a. [ X ] within the last four years
       (1) [ X ] on an open book account for money due.
       (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

   b. [ X ] within the last   [   ] two years   [ X ] four years
       (1) [   ] for money had and received by defendant for the use and benefit of plaintiff.
       (2) [   ] for work, labor, services and materials rendered at the special instance and request of defendant and
            for which defendant promised to pay plaintiff
            [   ] the sum of $
            [   ] the reasonable value.
       (3) [   ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            [   ] the sum of $
            [   ] the reasonable value.
       (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
       (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
     (6) [ X ] other _(specify)_: UNJUST ENRICHMENT

CC-2. $ 19242.61              , which is the reasonable value, is due and unpaid despite plaintiff's demand,
      plus prejudgment interest   [   ] according to proof   [   ] at the rate of _____ percent per year
from _(date)_:

CC-3. [   ] Plaintiff is entitled to attorney fees by an agreement or a statute
       [   ] of $
       [   ] according to proof.

CC.4. [   ] Other:

**FILE BY FAX**

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California | **CAUSE OF ACTION - Common Counts** | Code of Civil Procedure, § 425.12 |
| --- | --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Van Nuys JUDICIAL DISTRICT

## STATEMENT OF LOCATION/VENUE

**CASE NAME: FIA CARD SERVICES, N.A.**
**V. JUDITH E GREENBERG**
**CASE NUMBER:**

Please check <u>ONE</u> of the following statements to indicate the
basis for your filing of the complaint in this Judicial District
and fill in the address.

_____ 1.   Cause of Action arose in this Judicial District.
             Address of the cause of action is:

             _____
             Street                 City                Zip Code

_____ 2.   Property located in this judicial district.  The
             address of this property is:

             _____
             Street                 City                Zip Code

_____ 3.   Tort occurred in this judicial district.  The
             address of the tort is:

             _____
             Street (if known)   City                 Zip Code
             (or nearest major intersection)

_____ 4.   Contract entered into or to be performed in this
             judicial district.  The address where contract
             entered into or to be performed is:

             _____
             Street (if known)   City                 Zip Code

__XXX__ 5.   Defendant resides in this judicial district. The
             address of the defendant is:
             1521 LA VENTA DR WESTLAKE VILLAGE CA 91361
             _____
             Street                 City                Zip Code
I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

DATED: __April 13, 2010__      __/S/ Janalie Henriques_____
                               Signature of Plaintiff's Attorney
                               HUNT & HENRIQUES

FILE BY FAX

Exhibit B

SUPERIOR COURT OF THE STATE OF CALIFORNIA

Page   1 of ____

Case number 10E05131

FIA CARD SERVICES N.A.                    vs. GREENBERG, JUDITH E.        MAR 0 ? 2011

Court convened at 09:00 AM, on  3/01/11  ; in Dept.   106.

Present: Honorable RUSSELL S. KUSSMAN                          , Judge;

J NICHOLS                          , Deputy Clerk;
and the following proceedings were had:

(Counsel of record.)   For Plaintiff: KARI MORRIS

(checked if present)   For Defendant: (SUBMITS ON PLEADINGS)


NATURE OF PROCEEDING:

Motion of defendant, GREENBERG, JUDITH E.

FOR LEAVE TO AMEND

DISPOSITION:

Matter is called for hearing and argued.

Motion is GRANTED.  First amended answer is filed this date.

Clerk to send notice.


Date  3/01/11                  MINUTE ORDER                Calendar No._____
                               Dept.    106

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

VAN NUYS
6230 SYLMAR AVENUE
VAN NUYS                    CA 91401

CLERK'S NOTICE OF RULING                    Page   2 of ____

Case number 10E05131

FIA CARD SERVICES N.A.              vs. GREENBERG, JUDITH E.

The undersigned is over the age of eighteen, not a party to the above
entitled action and on  3/01/11 served the notice of ruling in the above
entitled action, by placing a copy thereof, enclosed in separate, sealed
envelopes with the postage thereon fully prepaid, in the United States
mail at VAN NUYS              , city or postal area, County of Los Angeles,
State of California, each of which envelopes was addressed as indicated
on the bottom portion of this document.

AND FURTHER: I certify that I am the Clerk of this court, that the
foregoing is true and correct, and that the below addresses are shown
by the records of this court.

John A. Clarke
Clerk of the above-named court

3/01/11
Dated                    by Deputy Clerk

GREENBERG, RAYMOND ALAN             HUNT, MICHAEL S.
1521 LA VENTA ROAD                  151 BERNAL RD. SUITE 8
WESTLAKE VILLAGE CA 91361           SAN JOSE CA 95119

CLERK'S CERTIFICATE OF SERVICE BY MAIL

1   Raymond A. Greenberg SBN 43394
    raylaw43@msn.com
2   RAYMOND A. GREENBERG, ATTORNEY AT LAW
3   1521 La Venta Road
    Westlake Village, CA 91361-3404
4   Telephone: 805-373-5260
5   Facsimile: 805-494-8312
    Attorney for  Defendant JUDITH E. GREENBERG
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **COUNTY OF  LOS ANGELES, NORTHWEST DISTRICT**

10

11  **FIA CARD SERVICES, N.A.,**              **CASE NO.:  10E05131**
                                              **LIMITED CIVIL**
12            **Plaintiff**

13            **v.**                          **[PROPOSED] FIRST AMENDED ANSWER**
                                              **TO COMPLAINT**
14

15  **JUDITH E. GREENBERG, et al**

16            **Defendant**

17

18

19

20

21

22

23        DEFENDANT Judith E. Greenberg answers Plaintiff's Unverified Complaint for herself

24  and for no other Defendant, and admits, denies and alleges as follows:

25        1.  This answering Defendant denies generally and specifically each and every

26            allegation set forth in the Plaintiff's Complaint and the whole thereof, and

27            specifically denies that she is indebted to Plaintiff in any sum whatsoever or at all.

28  ///

_____
[PROPOSED] FIRST AMENDED ANSWER              1              Case No. 10E05131   LIMITED CIVIL

### FIRST AFFIRMATIVE DEFENSE

2.  That Plaintiff's Complaint, on each and every cause of action or claim set forth therein, is barred by the two year statute of limitations set forth in *CCP section 339.*

### SECOND AFFIRMATIVE DEFENSE

3.  That the obligations set forth in Plaintiff's Complaint are barred as being usurious.

### THIRD AFFIRMATIVE DEFENSE

4.  That the Plaintiff does not have standing to sue.

### FOURTH AFFIRMATIVE DEFENSE

5.  That the Plaintiff's Complaint is uncertain in that it does not state separate causes of action as to each claim for a Common Count, each of which has a separate and distinct statute of limitations, and burdens of production of evidence and burdens of persuasion.

### FIFTH AFFIRMATIVE DEFENSE

6.  That Plaintiff's Complaint and each cause of action set forth therein are barred by *Civil Code section 1624(a)(1).*

### SIXTH AFFIRMATIVE DEFENSE

7.  That the Plaintiff is equitably estopped from asserting the claim set forth in Plaintiff's Complaint by reason of the settlement between the Parties of other claims simultaneously owed by Defendant to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

8.  That plaintiff's claims are void as illegal by reason of failure to comply with *15 USC 1602 et seq.,* and *California Civil Code section 1748.11.*

### EIGHTH AFFIRMATIVE DEFENSE

9.  That Plaintiff's Complaint, and each and every alleged cause of action set forth therein, fails to allege facts sufficient to constitute a cause of action against this answering Defendant.

///

Wherefore, this answering Defendant prays judgment as follows:

1.  That the Complaint be dismissed;

2.  That the Defendant be awarded judgment in her favor;

3.  That the Defendant be awarded costs of suit herein; and

4.  Defendant be awarded such other and further relief as the
    Court may deem just and proper.

Dated: January 2/, 2011        By: _____

                                   Raymond A. Greenberg
                                   Attorney for Defendant Judith E. Greenberg

///



SUPERIOR COURT OF THE STATE OF CALIFORNIA
NORTHWEST DISTRICT-VAN NUYS COURT
COUNTY OF LOS ANGELES

| | FOR COURT USE ONLY |
|---|---|

PLAINTIFF  : FIA CARD SERVICES N.A.
                        VS
DEFENDANT  : GREENBERG, JUDITH E.

JUDGMENT BY NON-JURY TRIAL

CASE NUMBER
10E05131

In Department 106,
Honorable RUSSELL S. KUSSMAN , JUDGE Presiding.

The Court, after having considered the evidence, ordered the following
Judgment:
It is adjudged that on the complaint,
Plaintiff

                    FIA CARD SERVICES N.A.

recover from Defendant
                    JUDITH E. GREENBERG

the sum of $  19242.61, $    .00 attorney fees, and $      .00 interest
with costs as provided by law in the sum of $    394.00.

_____ Deputy Clerk
            J. NICHOLS

        FILED AND ENTERED
            ON    5/19/11
        JOHN A. CLARKE
    CLERK OF THE ABOVE NAMED COURT

By: J. NICHOLS            , Deputy

<u>FIA Card Services v. Greenberg</u>   Nonjury trial   May 16, 2011

This case came on for court trial on May 16, 2011. Each side appeared through counsel. Pretrial matters were heard and ruled upon. The plaintiff presented its evidence, followed by the defendant. Both sides rested, after which both counsel gave closing arguments. The trial concluded in less than one day, and the case was submitted. Neither side made a request for a Statement of Decision. The court makes the following findings and rulings:

This collections case under *CRC* rule 3.740 arises out of defendant's use of a credit card issued by plaintiff. A Credit Card Agreement was sent to the defendant along with the credit card. This Agreement is not a model of clarity. For example, plaintiff's own witness had difficulty explaining, under the terms of the agreement, what the default rate would be at any particular point in time. Moreover, while the Agreement bound the defendant to its terms, the plaintiff could amend, add, delete, or change its provisions at any time. If plaintiff rejected the changes, defendant could terminate the Agreement. This hardly seems like the "...freedom in bargaining and equality of bargaining which are the theoretical parents of the American law of contracts." *Neil v. State Farm Ins. Co.* (1961) 188 Cal.App.2d 690.

Nevertheless, the evidence in this case is undisputed. Defendant testified that she applied for the card, received the card, and used the card; and that she obtained, among other things, cash advances of $4500, $9000, and $4500 over a one to two year period. While she made some payments up to approximately September 17, 2008, most of the balance is still outstanding. Monthly statements were sent to defendant, which set forth the amounts plaintiff claimed was owed. Defendant did not contest the calculations or the amounts. There was no inquiry or dispute regarding the principal, interest or late fees. Indeed, defendant made payments intermittently without objection, until the time of default. These facts are not disputed.

Therefore, plaintiff has proven the elements of its common count cause of action for an account stated. The court finds no substantial evidence supporting defendant's affirmative defenses. The remaining balance on the account is $19,242.61. Plaintiff has waived any claim for pre-judgment interest or attorneys fees. When the balance is added to the costs of $394, the total judgment is $19,636.61.

Therefore, the court finds in favor of plaintiff FIA Card Services and against defendant Judith E. Greenberg, and enters Judgment in the amount of $19,636.61.

After the close of the evidence, plaintiff made a motion to amend its complaint according to proof, in order to add a cause of action for breach of contract. The court indicated that it would allow further briefing, if the motion was granted. However, in light of this ruling, the motion to amend is denied as moot.

Court to give notice.

```
SUPERIOR COURT OF THE STATE OF CALIFORNIA
NORTHWEST DISTRICT-VAN NUYS COURT           FOR COURT USE ONLY
COUNTY OF LOS ANGELES                           F I L E D
                                              SUPERIOR COURT
                                                 5/19/11              MAY 21
   PLAINTIFF    : FIA CARD SERVICES N.A.
                         VS
   DEFENDANT    : GREENBERG, JUDITH E.        JOHN A. CLARKE, CLERK

   CLERK'S NOTICE OF ENTRY OF JUDGMENT         CASE NUMBER
     AND NOTICE RE EXHIBITS/DEPOSITIONS         10E05131
```

To the parties and their attorneys of record: You are hereby notified that the attached copy of the judgment in the above entitled cause was entered on 5/19/11. Further, Exhibits/Depositions, if any, will be disposed of at the end of 60 days from expiration of appeal time.

                         JOHN A. CLARKE                        , Clerk

               By: _____, Deputy
                   JEANNE      NICHOLS

--------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Clerk's Notice of Entry of Judgment and Notice RE Exhibits/Depositions upon each party or counsel named below by depositing in the United States mail at the courthouse in VAN NUYS California, to each address as shown below with the postage thereon fully prepaid.


HUNT, MICHAEL S.                    GREENBERG, RAYMOND ALAN
151 BERNAL RD. SUITE 8              1521 LA VENTA ROAD
SAN JOSE CA 95119                   WESTLAKE VILLAGE CA 91361


Date:  5/19/11

                    JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK

                    BY:_____Deputy Clerk
                       JEANNE      NICHOLS

1

2

## **PROOF OF SERVICE**

3

### **STATE OF CALIFORNIA, COUNTY OF VENTURA**

4

5    I am not a party to this litigation and I am over the age of 18 years. **My** business
address is: 1521 La Venta Road, Thousand Oaks, California 91361-3404

6

On June 4, 2011, I served the following documents described as:

7

**POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S**

8    **MOTION FOR JUDGMENT ON THE PLEADINGS (FDCPA) AND**
**SPECIAL MOTION TO STRIKE (*CCP section 425.16*).**

9

10   **[ X ] BY ELECTRONIC MAIL:  I** electronically filed the following
document(s) with the Clerk of the Court using the CM/ECF system, which sent

11   electronic notification of such filing to all other parties appearing on the docket
sheet, as listed below.

12

13        **Jeffrey A. Topor (SBN 195545)      Email:   jtopor@snllp.com**
**SIMMONDS & NARITA LLP            Telephone: (415) 283-1000**

14        **44 Montgomery Street, Suite 3010   Facsimile:   (415) 352-2625**
**San Francisco, CA 94104-4816**

15

16        I am "readily familiar" with this firm's practice of collection and processing
correspondence for mailing.  Under that practice, it would be deposited with the

17   United States Postal Service on that same day with postage thereon fully prepaid
at Ventura County, California, in the ordinary course of business.  I am aware

18   that on motion of party served, service is presumed invalid if postal cancellation
date or postage meter date is more than one day after date of deposit for mailing

19   in affidavit.

20

**[ X ]** I declare under penalty of perjury under the laws of the State of

21   California that the foregoing is true and correct.

22

Executed on June 04, 2011, 2008, at Ventura County, California.

23

24

_____  _s/Raymond A. Greenberg___

25                                    Raymond A. Greenberg

26

27

28