UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION [6] (IN CHAMBERS)

The matter is before the Court on Defendants Hunt & Henriques ("the Firm"), Michael S. Hunt ("Hunt"), Janalie Henriques ("Henriques"), and Kurtiss A. Jacobs's ("Jacobs") (collectively, "Defendants") motion (1) for judgment on the pleadings as to the claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and (2) to strike the negligence claim. (Docket No. 6.) Plaintiff Judith E. Greenberg ("Plaintiff") filed an opposition, and Defendants filed a reply. (Docket Nos. 8 and 11, respectively.) The Court previously deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the matter, the Court GRANTS the motion.

## I. FACTUAL BACKGROUND

The following allegations have been culled from the Complaint filed in the instant action ("the Greenberg Action"). (Docket No. 1.)

The Firm is a general partnership, and Defendants Hunt, Henriques, and Jacobs, attorneys licensed to practice law in California, are either partners, agents, or employees of the Firm. (Compl. ¶¶ 4-5.)

On or about April 29, 2010, on behalf of FIA Card Services, N.A., Defendants, acting as debt collectors, filed a credit card collection action against Plaintiff in the Los Angeles County Superior Court styled, *FIA Card Services, N.A. vs. Judith E. Greenberg, et al.*, Case No. 10E05131 ("the FIA Action"), seeking to recover a credit card balance owed by Plaintiff. (*Id.* ¶ 7.) The FIA Action asserted a single cause of action for common counts based on (1) open book account; (2) account stated; (3) money lent; (4) money paid at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

special interest and request, and (5) unjust enrichment. (Compl., Ex. A at 5.)[1] On May 16, 2011, the action was tried. (Opp'n 3.) Following the court trial, judgment was entered in favor of FIA in the amount of $19,636.61. (Opp'n, Ex. C.) The court found that FIA "has proven the elements of its common count cause for an account stated." After the close of evidence, FIA made a motion to amend its complaint in order to add a breach of contract cause of action. However, the court found the motion moot as a result of the entry of judgment in favor of FIA. (*Id.*)

On March 17, 2011, Plaintiff commenced the Greenberg Action against Defendants in the Ventura County Superior Court, alleging causes of action for (1) violation of the FDCPA, 15 U.S.C. §§ 1692f(1) and 1692i(a)(2) and (2) negligence. Defendants removed the Greenberg Action to this Court, asserting federal question jurisdiction based on the FDCPA claim. The Complaint in the instant action alleges that the FIA Action was not based on any written contract and, therefore, the obligations sued upon were unenforceable under 15 U.S.C. § 1601, *et seq.* and Cal. Civ. Code § 1746 *et seq.* As a result of having to defend herself in the FIA Action, Plaintiff allegedly incurred $35,000 of attorney's fees. (*Id.* ¶ 19.)

Defendants now move for judgment on the pleadings as to the FDCPA claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants also move to strike the negligence claim pursuant to the anti-SLAPP statute, California Code Civil Procedure § 425.16(b).

## II. DISCUSSION

### A.  *Motion for Judgment on the Pleadings*

The Complaint in the instant action alleges that the filing of the FIA Action violated 15 U.S.C. § 1692f(1) and § 1692i(a)(2) because there was no written credit card contract to justify the debt Plaintiff purportedly owed against FIA. (Compl. ¶ 14.) Further, Plaintiff

---

[1] "Common counts is an alternate theory of recovery based on a contract that is either 'implied in fact' or 'implied in law.'" *Katsura v. City of San Buenaventura*, 155 Cal. App. 4th 104, 109 (Cal. App. 2d Dist. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

alleges that Defendants knew or should have known that Plaintiff had settled her debts to FIA and the latter is equitably estopped from seeking to recover any claims against Plaintiff. (*Id.* ¶17.)

Defendants move for judgment on the pleadings with regard to the FDCPA claim on the following grounds: (1) Plaintiff has failed to plead essential elements of an FDCPA claim; (2) the FDCPA claim fails as a matter of law because common counts are proper causes of action in a suit to recover an unpaid credit card debt; and (3) the FDCPA claim fails as a matter of law because the FIA Action did not seek improper interest.

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings permits challenges directed at the legal sufficiency of the complaint and applies substantially the same standard as is applicable to Rule 12(b)(6) motions. *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (applying *Twombly/Iqbal* standard in a Rule 12(c) motion); *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009); *Keum v. Virgin Am., Inc.*, 2011 U.S. Dist. LEXIS 28358, *3 (N.D. Cal. Mar. 4, 2011) (citing William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure*, § 9:319). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted).

### 1. *Plaintiff Is Collaterally Estopped from Bringing the FDCPA Claim*

In the Ninth Circuit, issue preclusion bars relitigation of an issue if the following requirements are met:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

*Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (citations omitted).

By the instant action, Plaintiff seeks to hold Defendants liable for violating the FDCPA by proceeding in a debt collection lawsuit with the knowledge that there was no written credit card agreement to justify the debt claimed. (Compl. ¶ 14.) Whether a debt collector can sue a debtor for an unpaid credit card debt by asserting common counts is an issue that has already been addressed in the FIA Action, and the state court entered judgment against Plaintiff. (Reply 4-5; Opp'n, Ex. C.) Therefore, Plaintiff is barred by collateral estoppel from relitigating this same issue now against Defendants.

### 2. *Plaintiff's FDCPA Claim Is Barred by the Rooker-Feldman Doctrine*

Plaintiff's FDCPA claim is also barred by the *Rooker-Feldman* Doctrine.

It is well-established that "[n]o court of the United States other than [the United States Supreme] Court could entertain a proceeding to reverse or modify" a state judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also, D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.").

Plaintiff's FDCPA claim effectively seeks review of the state court's decision to allow FIA to collect the debt Plaintiff owed to FIA based on a common count theory. While Plaintiff's FDCPA claim is predicated on a purported violation of duty imposed by the statute on Defendants, in substance, what Plaintiff is essentially asking is for this Court to overturn the decision of the state court by making a finding that FIA cannot collect credit card debt absent a written agreement. Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). Pursuant to that doctrine, the Court has no authority to sit as an appellate court and review the state court's decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

Based on the foregoing, even if the Court were to allow Plaintiff to amend her Complaint to plead the missing elements of the FDCPA raised by Defendants, amendment would be futile because Plaintiff's FDCPA claim is barred by collateral estoppel and the *Rooker-Feldman* Doctrine.[2] Therefore, Defendants are entitled to judgment on the pleadings with respect to the FDCPA Claim.

### B.     *Motion to Strike the Negligence Claim*

Pursuant to the anti-SLAPP statute, Defendants specially move to strike the negligence claim on the ground that this cause of action is barred as a matter of law by the California litigation privilege. (Mot. 15.) Plaintiff's negligence claim is premised on the allegation that Defendants acted improperly by filing the FIA Action against her, forcing her to defend herself. (Complaint, ¶ 25.)

The term "SLAPP" is an acronym for "strategic lawsuit against public participation." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 (Cal. 1999). "'Anti-SLAPP' laws are designed to bar meritless lawsuits filed merely to chill someone from exercising his First Amendment rights on a matter of public interest." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.1 (9th Cir. 2010). The California anti-SLAPP statute begins by enunciating its purpose, and declaring that it should be broadly construed:

> (a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the

---

[2] The FDCPA provides that a debt collector may not collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Here, Plaintiff alleges that Defendants violated the FDCPA by filing the FIA Action to collect a debt Plaintiff allegedly owed to FIA without proof of a written agreement between Plaintiff and FIA. (Opp'n 5-7.) However, Plaintiff has failed to cite any authority for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account. Likewise, the Court's independent research has not found any support for Plaintiff's proposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

> constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

Cal. Code Civ. P. § 425.16(a).

The activities that are protected by the statute include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law. . ." Cal. Code Civ. P. § 425.16(e).

An anti-SLAPP motion is evaluated in two steps. *Hilton*, 599 F.3d at 903. First, the defendant must make a threshold showing that the act or acts of which the plaintiff complains were in furtherance of the right of petition or free speech, and in connection with a public issue. *Id.* Second, "the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (quoting *Wilson v. Parker, Covert, & Chidester*, 28 Cal.4th 811, 821 (2002)); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1098 (2004). "This burden is 'much like that used in determining a motion for nonsuit or directed verdict,' which mandates dismissal when 'no reasonable jury' could find for the plaintiff." *Metabolife*, 264 F.3d at 840 (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 824 (1994)).

Here, Defendants have made the threshold showing that the filing of the FIA Action is a protected activity. Cal. Code Civ. P. § 425.16(e)(1). In response, Plaintiff argues, without legal support, that the anti-SLAPP statute does not apply as the filing of the FIA Action was unlawful as a matter of law. Contrary to Plaintiff's claim, following the trial in the FIA Action, the state court found that Defendants, on behalf of FIA, may collect an unpaid credit card debt via a common count cause of action. Because Plaintiff has failed to establish that there is a probability that she will prevail on her negligence claim, the Court grants the Motion and strikes the negligence claim.

### C.     *Defendants Are Entitled to Attorney's Fees and Costs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-03469-JHN-JC | Date | October 6, 2011 |
|---|---|---|---|
| Title | Judith E. Greenberg v. Hunt and Henriques et al | | |

Defendants request an award of fees incurred in connection with the filing of the anti-SLAPP motion.  The total amount of fees requested is $7,038.00.  (Topor Reply Decl. ¶ 4.)  "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. P. § 425.16(c)(1).

Plaintiff does not dispute the reasonableness of the amount of legal fees requested.  The Court has reviewed the supplemental declarations submitted by counsel in support of this request and finds that the requested amount is reasonable.  (*See* Docket Nos. 6-1 and 11-2.)  Therefore, the Court GRANTS Defendants' request for an award of attorney's fees.  Defendants shall file a separate bill of costs pursuant to the local rules.

### III.  CONCLUSION

For the foregoing reasons, the motion is **GRANTED.**  Defendants shall file a proposed judgment and Bill of Costs within 7 days of this Order.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |